McFarland, J.,
delivered the opinion of the Court.
The County Court of Bradley County, and a corporation styled “The President and Directors of the *858 Cleveland Public Schools,” each claim the right to levy a tax for school purposes, on the property and polls within the corporate limits of the town of Cleveland. The County Court claims the right under an act entitled, “An act to reorganize and regulate common schools,” approved July 8th, 1870, by which the power is expressly conferred.
By an act passed February 28th, 1870, “The inhabitants of Cleveland are incorporated as a body corporate, under the name and style of The Board of President and Directors of the Cleveland Public Schools.”
One section provides that the Mayor and Aider-men of the city of Cleveland, (which city had been previously incorporated with the usual powers,) shall constitute ex officio “The Board of President and Directors of Public Schools.”
Another section enacts, that the Board of President and Directors shall have power to assess, levy and collect taxes on property, polls and privileges, within the corporation, for school purposes — not to exceed the amount collected by the State, and to be collected as other city taxes.
It is under this law that this corporation has also levied a tax for school purposes. The complainants are owners of shares in a bank at Cleveland. The tax assessed by the County Court and by the Board of President and Directors, is the same in amount. The complainants bring the amount assessed upon their stock into court with their bill, and insist that they are not bound to pay both taxes, and pray that( the *859 defendants may interplead and determine to whom it shall be paid.
The power of taxation is one that belongs to the State in its sovereign capacity. The exercise of her power is legislative. The Legislature has no authority to delegate this power of taxation, except in such cases as the Constitution authorizes: Marr v. Enloe, 1 Yer., 452; Keesee v. The Civil District Board of Education, 6 Col., 127.
The Constitution provides, that the “General Assembly shall have power to authorize the several counties and incorporated towns in this State to impose taxes for county and corporation purposes respectively.” But no authority can be found for delegating this power to any other corporation, and this is a subject upon which the Constitution should receive a strict construction. The power of taxation is one of too grave and important character, to be delegated or exercised except strictly within the limits of the Constitution.
That the Legislature might delegate this power to any corporation it might create, can not be maintained, although the object of the corporation was for educational purposes, which our Constitution decrees shall be encouraged.
It is argued, however, that the corporate authorities of the city of Cleveland might properly be authorized to levy the tax, education being a corporation purpose within the meaning of the Constitution, and as the act creating the corporation of the Board of President and Directors of the Cleveland Public Schools, provides that the Mayor and Aldermen of Cleveland *860 shall ex offiaio constitute the Board of President and. Directors, etc., and that officers of one corporation shall fill the duties of the other, that it is in reality the same as the corporate authorities of Cleveland and not a new and independent corporation. The act is not susceptible of a very reasonable construction. But we must take it to be what it proposes to be — a new corporation for educational purposes, although its offices are filled by the officers of another corporation.
Whether the levying a tax for school purposes, is either a county or corporation purpose in the sense of the Constitution, is, in the opinion of the writer of this opinion, a subject of, serious doubt, since the same purpose thereby becomes at the same time, a State, county and corporation purpose, and the right to levy the tax, might not only as in this case, be, claimed by the county and corporation, but also by the State. A county or corporation purpose, would more naturally indicate a purpose, peculiar to each, some matter exclusively within its control, and not subject to the control of the other.
The majority of this Court, however, at the last term, held that the authorities of the city of Knoxville, might contract to appropriate of its taxes a sum to purchase a library for the university near by. This would imply that the establishment of schools is a corporate purpose.
I did not, nor do I now concur in that opinion, but a majority of the Court do, and this would . settle that the county might be authorized to levy the *861 tax, as the Comity of Bradley was by the act of July 8th, 1870, it being certainly as much a county as a corporate purpose. In this view we must hold that the tax should be paid to the Tax Collector of Bradley County. This was the decree of the Chancellor, and it will be affirmed with' costs.